# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| v. § | No. 1:24-CR-00280-RP |
| § § | |
| **(1) KIMBERLY LYNN CARDENAS GARCIA,** § § | |
| *Defendant* | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's (USPO) Petition for Warrant or Summons for Offender Under Supervision, Dkt. 3. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   BACKGROUND

#### A.   Timeline from the USPO's Adjustment Summary[1]

On November 2, 2021, the above-named defendant was sentenced by The Honorable John D. Rainey in the Southern District of Texas, Victoria Division, for

---

[1] At the hearing on the petition, Defendant stipulated to the accuracy of the facts stated in the Petition and Adjustment Summary. *See* Dkt. 14. Because this filing was sealed, the undersigned likewise files this report and recommendation under seal.

1

the offense of Possession with Intent to Distribute 130.1 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(B) under Docket No. 6:20CR00104-001. She was sentenced to 60 months imprisonment, followed by a four-year term of supervised release. Special conditions included substance abuse treatment; mental health treatment; comply with all mental health medications prescribed; education services (satisfied); shall not use or possess any controlled substances without a valid prescription; shall not purchase, possess, distribute, administer, or use psychoactive substances; shall submit to drug testing; alcohol abstinence; and a $100 special assessment.

On September 20, 2024, the defendant commenced her term of supervised release in the Western District of Texas, Austin Division. At the onset of supervision, the defendant established residency with her sister.

On September 23, 2024, the defendant reported to the probation office to complete her intake. All the defendant's conditions were reviewed and explained to her. The defendant was provided with a copy of her judgment and conditions. She acknowledged understanding her conditions and agreed to comply.

On October 10, 2024, during a home contact, the defendant was referred to a federal treatment provider to participate in substance abuse and mental health treatment, which included random drug testing. She was instructed to attend two sessions per month. A copayment was not assessed as she was unemployed and unable to assist with her treatment costs. During this contact, the defendant also stalled to submit to random drug testing.

On October 11, 2024, the defendant submitted a drug test, which later returned diluted.

On October 14, 2024, the defendant did not attend her intake appointment with the treatment provider and rescheduled it for October 22, 2024.

On October 22, 2024, the defendant did not attend her intake appointment with the treatment provider and rescheduled it for October 28, 2024.

On October 23, 2024, the defendant submitted a drug test, which later returned positive for marijuana.

On October 28, 2024, the defendant did not attend her intake appointment with the treatment provider and rescheduled it November 4, 2024. During a phone call on this same date, the pattern of her repeated cancellations was addressed, and the defendant agreed to take greater responsibility and follow through with her scheduled appointment.

On October 29, 2024, the defendant submitted to random drug testing, which later returned positive for marijuana.

On October 30, 2024, during a phone call with the defendant, she admitted to using marijuana on one occasion only, prior to the drug test she submitted on October 23, 2024.

On November 4, 2024, the defendant completed her intake session with the treatment provider.

On November 12, 2024, during a home contact, the defendant continued to deny any marijuana use after the use she previously admitted to prior to the October 23, 2024, drug test.

On November 19, 2024, jurisdiction of the case was transferred to the Austin Division and assigned to the docket of the Honorable Robert Pitman under Docket No. 1:24CR00280(1)-RP. On this same date, the defendant submitted to random drug testing, which later returned positive for marijuana.

On November 27, the defendant submitted to random drug testing, which later returned positive for marijuana.

On December 11, 2024, during a home contact, the defendant admitted to continued marijuana use since initially rendering positive results on October 23, 2024. The defendant admitted to last using marijuana on or around December 2-4, 2024. Due to family issues in her current residence, the defendant requested to move in with her partner in Temple, Texas. She was granted a temporary stay with her partner, while a request for transfer was reviewed. On this same date, she left her sister's residence and went to stay with her partner in Temple.

On December 11, 2024, the defendant failed to appear for random drug testing.

On December 13, 2024, a Probation Form 12A was filed with the court to address the defendant's drug use. No court action was requested or taken.

On December 18, 2024, during a phone call, the defendant reported she had a significant argument with her sister and mother and reiterated her desire to relocate

to Temple with her partner. She was informed that a request for a transfer investigation would be submitted to the Waco Division.

On December 20, 2024, the defendant failed to appear for random drug testing.

On December 23, 2024, the defendant failed to appear for a treatment session.

On January 6, 2025, the defendant failed to appear for a treatment session.

On January 10, 2025, the defendant sent a text message indicating that she had rescheduled her treatment session for January 21, 2025.

On January 13, 2025, the Waco Division conducted a pre-transfer home inspection at the defendant's partner's residence in Temple, TX, which was approved for her relocation. On January 17, 2025, the defendant submitted to random drug testing, which later returned positive for marijuana.

On January 21, 2025, the defendant failed to appear for a treatment session.

On January 22, 2025, the defendant's supervision was transferred to the Waco Division.

On January 23, 3025, attempts were made to contact the defendant by telephone but there was no response.

On January 24, 2025, attempts were made to contact the defendant by text message, but there was no response. On this same date, the defendant also failed to submit to random drug testing.

On January 31, 2025, a Petition for Warrant or Summons on Offender Under Supervision was filed with the Court to report the above noted violations, and a warrant was issued under Docker 1:2400280(1)-RP.

On May 12, 2025, the defendant reported to the probation office in Waco, where she was taken into custody, without incident, by the United States Marshals Service.

### B. Hearing on USPO's Petition

The undersigned set the petition for hearing to be held on May 30, 2025. Dkt. 10. Present at the hearing were Defendant; her appointed counsel, Assistant Federal Public Defender Jose Gonzalez-Falla; Assistant U.S. Attorney Grant Sparks; and USPO Officer Mayra Lopez. During the hearing Defendant waived her preliminary hearing and her right to be present before the United States District Judge at the time of imposition of sentence and consented to allocution before the United States Magistrate Judge. After being advised of her rights and affirming her understanding of the charges and penalties he faced, Defendant pleaded "True" to the violations set out in the petition.

After accepting Defendant's plea, the undersigned then considered the appropriate sentence. Defendant's counsel and AUSA Sparks agreed that an appropriate sentence would be to continue Defendant's supervised release without modification. Officer Lopez concurred in the recommendation. The undersigned accepted the agreed recommendation from Defendant and AUSA Sparks and stated on the record the intention to recommend that the District Judge continue Defendant's supervised release without modification.

## II.   FINDINGS OF THE COURT

1. Probable cause exists for the alleged violations set out in the petitions.
2. The most serious violation under the petition is a Grade C, and Defendant's criminal history category is I.

3. Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with her attorney.

4. Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against him or the consequences of her plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. Defendant waived her right to a preliminary hearing.

9. Defendant understood all of her statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated the conditions of her terms of supervised release as set out in the petition, and there is a factual basis in support of that finding.

### III.   FACTORS CONSIDERED

The undersigned has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553 (a)(1);

2. The history and characteristics of Defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8. The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the undersigned.

## IV.   RECOMMENDATION

The Magistrate Judge has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT** USPO's petition, Dkt. 3, and **CONTINUE** Defendant's term of supervised release without modification.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 30, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE